■ CONSOLIDATED RAIL CORPORATION, Appellant, v BERNARD C. COSGROVE et al., Respondents. [641 NYS2d 761] —Peters, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 11, 1994 in Sullivan County, upon a decision of the court in favor of defendants.

On February 2, 1986, defendants were snowmobiling in the

Town of Tusten, Sullivan County. As they attempted to cross railroad tracks owned by plaintiff, a ski on defendant Clara Cosgrove's snowmobile became lodged under a rail. Before they could dislodge the snowmobile, they noticed a train approaching. In an effort to avoid a collision with the snowmobile, the conductor of the train, Marcus Chacona, applied the emergency brakes but nonetheless ran over it. As a result of either the collision or the procedure used by plaintiff's employees to back up the train, an engine and two cars derailed.

Plaintiff thereafter commenced this action alleging, *inter alia*, negligence and numerous violations of the Parks, Recreation and Historic Preservation Law (*see*, PRHPL 25.03 [2], [5], [7]), and specifically PRHPL 25.03 (5) thereof, which makes it unlawful for any person to drive or operate a snowmobile "[o]n the tracks of an operating railroad" (*see*, PRHPL 25.03 [5]).* Plaintiff seeks to recover the $35,000 it allegedly incurred in property damage as a result of the derailment.

After a nonjury trial, where plaintiff presented the testimony of Chacona, his supervisor and various other employees of plaintiff, Supreme Court dismissed the complaint, finding that plaintiff had not shown, by a preponderance of the credible evidence, that defendants' negligence was the proximate cause of these damages. Plaintiff appeals.

We note that "if it appears that a finding different from that of Supreme Court is not unreasonable, we must weigh the probative force of the conflicting evidence and the relative strength of conflicting inferences that may be drawn, and grant judgment as warranted" (*Hunt v Hunt*, 222 AD2d 759, 761; *see*, *Hoover v Durkee*, 212 AD2d 839, 841; *Zielinski v Moczulski*, 208 AD2d 275, 277, *lv dismissed* 86 NY2d 861). Upon our review of the record herein, we find no basis to disturb Supreme Court's judgment.

Discrepancies abound in the witnesses' testimony as to what actually occurred after the train impacted with the snowmobile. Chacona testified that the train was derailed after impact with the snowmobile and that he immediately notified the train dispatcher of the accident and the derailment. Upon further questioning by the court, Chacona's testimony was less than certain as to when the derailment actually occurred. When further questioned as to whether the train had to back up following the collision, upon the theory that it was plaintiff's

---

* Plaintiff also alleged a violation of PRHPL 26.08 (2), (5) and (7), yet we note that such section was repealed, effective January 1, 1987 (*see*, L 1986, ch 402, § 12), a date prior to the service of the summons and complaint in this action.

negligence in setting the switch for the back up procedure that actually caused the derailment, Chacona testified that as far as he knew, the train never reversed its movement after the collision.

Thomas Washbon, plaintiff's project coordinator, testified that upon being contacted by the train dispatcher, he gave specific instructions regarding a manual setting of the switch to facilitate the reverse movement of the train. Such instructions were given to Chacona via radio from the dispatcher and Washbon testified that he heard Chacona on the radio as he received the instructions. Upon cross-examination, Washbon testified that Chacona was to manually set the switch before reversing the movement of the train and that despite Chacona's earlier testimony, it was only after Chacona advised the dispatcher by radio that he had physically lined the switch for the track that the dispatcher gave Chacona the authorization needed to commence the procedure. Testimony revealed, however, that due to the snow and darkness, no one had actually determined whether the wheel was out of its normal position before instructions were given to commence the procedure. Additionally, Washbon admitted that when he arrived upon the scene of the derailment, his employees told him that the derailment actually occurred when the train was backing up.

After weighing the probative force of the conflicting evidence and the relative strength of the conflicting inferences that may be drawn therefrom, we conclude, as did the Supreme Court, that dismissal was warranted for lack of proof.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.