■ In the Matter of the Estate of WINIFRED BECKMANN, Deceased. WILLIAM J. BECKMANN, Appellant; LOU A. BECKMANN et al., Respondents. [682 NYS2d 871] —In a proceeding to settle the account of the executor of the estate of Winifred Beckmann, the petitioner appeals, as limited by his brief, from stated portions of a decree of the Surrogate's Court, Queens County (Nahman, S.), dated April 17, 1996, which, *inter alia,* directed him to pay the estate: (1) the principal sum of

$210,000, representing the proceeds of the sale of real property located at 167-171 Beach 95th Street and 172 Beach 96th Street in Rockaway, Queens, (2) the principal sum of $27,471.16, constituting mortgage interest on those properties, and (3) the principal sum of $170,000, representing one-half of the sale proceeds of four parcels of property owned by Beach Plaza Properties, Inc., and its successor corporation, WEBNY Corp.

Ordered that the decree is modified by (1) deleting the second decretal paragraph thereof and substituting therefor a provision directing the petitioner to pay to the estate the total proceeds from the sale of 167-171 Beach 95th Street, and one-half the proceeds from the sale of 172 Beach 96th Street, in the total principal sum of $172,500, (2) deleting the third decretal paragraph thereof, representing the mortgage interest on those properties, and (3) deleting the twelfth decretal paragraph; as so modified, the decree is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Queens County, for the calculation of the interest, including the mortgage interest on $172,500, and the entry of an appropriate amended decree.

The record supports the Referee's determination that the decedent was a 50% owner of Beach Plaza Properties, Inc. (hereinafter Beach Plaza), and its successor, WEBNY Corp. Accordingly, we decline to disturb so much of the decree as directed the petitioner to turn over one-half of the proceeds from the sale of the four parcels of real property owned by Beach Plaza and WEBNY Corp. (see, Hunt v Hunt, 222 AD2d 759, 760; Matter of C & M Plastics, 194 AD2d 1020, 1022; Matter of Benincasa v Garrubbo, 141 AD2d 636, 638; Matter of Rappaport [Jileen Sec. Corp.], 110 AD2d 639, 641).

It is undisputed that the petitioner and the decedent owned the real property located at 172 Beach 96th Street as joint tenants at the time it was sold for $75,000, in the form of $8,500 cash and a purchase money mortgage in the amount of $66,500. While the petitioner is entitled to half of the proceeds, the remaining half should be paid to the estate (see, EPTL 6-2.2; Matter of Blumenthal, 236 NY 448). In light of our determination, the matter must be remitted for calculation of the mortgage interest due, and the entry of an appropriate amended decree.

The petitioner's remaining contentions are without merit. Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.