■ SAWHORSE LUMBER & MORE, INC., Doing Business as FOWLER & KEITH, Appellant, v SHIRLEY A. PERROTTA, Individually and Doing Business as S & R DRYWALL, et al., Respondents. [718 NYS2d 471] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered September 22, 1999 in Ulster County, upon a decision of the court in favor of defendants.

Plaintiff, a supplier of building materials and related products, and defendant Shirley Ann Perrotta (hereinafter defendant), the owner of S & R Drywall, a drywall contractor, entered into an agreement whereby plaintiff was to supply materials for a subcontract defendant was awarded by Spoleta Construction Corporation for a housing project. Disputes arose between the parties regarding the delivery of damaged materials and late deliveries by plaintiff, and late payment of invoices by defendant.

When the parties' attempts to resolve these matters failed, plaintiff commenced this action alleging a breach of contract and an account stated. Plaintiff is seeking payment for the materials and other damages, including late fees on the invoices, lost profits, payment of sales tax on the materials sold, extra labor costs incurred to comply with the contract provisions and counsel fees. Defendants' answer asserted several affirmative defenses including, *inter alia*, breach of contract, untimely delivery, delivery of damaged materials and counterclaims seeking to recover the additional costs that defendant allegedly incurred due to plaintiff's breach of the contract. In a written decision following a nonjury trial on the issues, Supreme Court found that "neither party has satisfied its burden to establish its claims by a preponderance of the credible evidence" and dismissed plaintiff's claims and defendants' counterclaims. Plaintiff appeals.

Plaintiff argues that Supreme Court erred in failing to award it moneys owed by defendant which were established by undisputed documentary evidence. We disagree. The testimonial and documentary evidence revealed that plaintiff's invoices to defendant for material totaled $68,353.11, that plaintiff was paid $66,051.11 and that defendant received a credit of $2,490.99 for returned items. Proof of plaintiff's other claims raised in its pleadings was in the form of equivocal and conflicting testimony (e.g., testimony by plaintiff's manager that lost profits were calculated based on a retail price for sheetrock but that defendant was charged a discounted price for that material). Plaintiff's further argument that defendant did not properly dispute its claim pursuant to CPLR 3016 (f) is belied by a review of the pleadings.

It is well settled "that the findings of the trial court should be accorded deference, especially where its findings depend upon the credibility of witnesses, unless it is obvious that its conclusions could not be reached under any fair interpretation of the evidence" (*Blank v Blank*, 256 AD2d 688, 693). Supreme Court found here that the parties each "made claims in support of their positions which have raised serious concerns regarding their overall credibility" and we give "deference * * * to the findings of the trial court which was in a better position to assess the credibility of the witnesses" (*Hunt v Hunt*, 222 AD2d 759, 761 [citations omitted]). "After weighing the probative force of the conflicting evidence and the relative strength of the conflicting inferences that may be drawn therefrom" (*Consolidated Rail Corp. v Cosgrove*, 227 AD2d 689, 691), we agree with Supreme Court's conclusion that plaintiff failed to prove its claim by a fair preponderance of the credible evidence and affirm that court's dismissal of plaintiff's complaint.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.