■ In the Matter of the Estate of MARIE ANTOINETTE, Deceased. LAURIE M. GREENWOOD, as Executor of MARIE ANTOINETTE, Deceased, Appellant; EDITH CAMP et al., Respondents. [738 NYS2d 452] —Crew III, J. Appeals (1) from a decree of the Surrogate's Court of Rensselaer County (Lang, Jr., S.), entered August 4, 2000, which, inter alia, adjudged that decedent intended to establish certain investment accounts in the form of a joint tenancy with survivorship rights to respondent Edith Camp, and (2) from three orders of said court, entered October 16, 2000, October 18, 2000 and November 2, 2000, which, inter alia, awarded costs to the estate.

---

Marie Antoinette (hereinafter decedent) died on January 16, 1991 leaving two wills. The first will was executed in April 1990 and named decedent's two grandnieces, one of whom is petitioner, as sole beneficiaries. The second will, executed on July 24, 1990, left decedent's residuary estate to respondent Edith Camp (hereinafter respondent), decedent's niece by marriage. Upon admission of the July 1990 will to probate by respondent, the beneficiaries of the April 1990 will objected claiming that the July 1990 will was procured by respondent's fraud and undue influence upon decedent. Following trial, a jury found that the July 1990 will indeed was the product of respondent's undue influence and, accordingly, Surrogate's Court denied admission of the will to probate. Following an appeal to this Court, we affirmed (*Matter of Antoinette*, 238 AD2d 762, 764).

The instant petition seeks to discover property withheld and to determine the estate's claim to two investment accounts opened on July 31, 1990 in the name of decedent with respondent as joint tenant with a right of survivorship. Petitioner contends that respondent asserted undue influence upon decedent with regard to the establishment of said accounts. Following a nonjury trial, Surrogate's Court held, inter alia, that the jury verdict regarding the July 1990 will contest did not collaterally estop respondent from litigating the issue of undue influence regarding the establishment of the investment accounts and found that petitioner failed to prove, by a fair preponderance of evidence, that respondent had, in fact, exerted undue influence upon decedent in the establishment of said accounts. Petitioner appeals from this decree.

Following this nonjury trial, Surrogate's Court rendered additional orders which, inter alia, awarded costs to decedent's estate against respondent, but denied interest thereon based upon the doctrine of laches and declined to award a bill of costs to decedent's estate following our April 1997 decision in the prior appeal from the jury verdict. Petitioner appeals from those orders as well.

It is axiomatic that application of the doctrine of collateral estoppel "precludes a party from relitigating in a subsequent * * * proceeding an issue clearly raised in a prior * * * proceeding and decided against that party * * *, whether or not the * * * causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500). In order to invoke the doctrine, the proponent must demonstrate that the precise issue at bar was decided in the prior proceeding and is decisive of the present matter (*see, e.g., Schwartz v Public Adm'r of County of*

*Bronx*, 24 NY2d 65, 71). That having been said, it seems self-evident that the issues involved in the will contest, while similar to those involved here, are sufficiently discrete to preclude invocation of the doctrine. The inquiries involve two separate and distinct transactions and, more importantly, involve different participants, so that if we were to permit invocation of the doctrine, respondent would be precluded from eliciting the testimony of, among others, Joseph Biondo, the employee of the investment agency who personally dealt with decedent in establishing the accounts in question (*see, Reed v Whipple*, 140 Mich 7, 103 NW 548; *see generally*, Annotation, *Judgment Denying Validity of Will Because of Undue Influence, Lack of Mental Capacity, or the Like, as Res Judicata as to Validity of Another Will, Deed, or Other Instrument*, 25 ALR2d 657).

With regard to petitioner's assertion that the findings of Surrogate's Court were against the weight of the credible evidence, we disagree. Petitioner's argument in that regard distills to a challenge of the court's resolution of credibility issues, which are entitled to considerable deference on our part (*see, Sawhorse Lbr. & More v Perrotta*, 279 AD2d 733, 734), and we cannot say that its conclusions could not have been reached upon any fair interpretation of the evidence (*see, id.* at 734).

Petitioner is absolutely correct, however, in her assertion that Surrogate's Court erred in concluding that the presumption set forth in Banking Law § 675 (b) applied to the accounts created in this matter. In the ordinary course of events, reliance upon the presumption to establish decedent's intention to create a joint tenancy with survivorship rights would require reversal and remittal for a new hearing because the burden of proof should have been on respondent to establish such intention (*see, Matter of Coon*, 148 AD2d 906, 908). Given our broad scope of review, however, we will undertake to review the record and grant such judgment as is warranted (*see, Hunt v Hunt*, 222 AD2d 759, 761). In so doing, we find that the record establishes that decedent, under common-law principles, intended to create a joint tenancy with survivorship rights. Such intention is established by Biondo's testimony that decedent personally advised him of her desire that the accounts be in the joint names of decedent and respondent with survivorship rights. Moreover, the documentary evidence in this matter, consisting of applications for said accounts completed by decedent and respondent for the opening of such accounts with respondent as a joint tenant and co-owner and the account statements, list both decedent and respondent as shareholders. That evidence, in our view, establishes that decedent intended to create a joint tenancy with a right of survivorship.

Upon our review of the record, we agree with petitioner's assertion that Surrogate's Court abused its discretion by failing to award petitioner interest on the bill of costs awarded to the estate against respondent. We likewise agree with petitioner that Surrogate's Court erred in not awarding her costs relative to respondent's prior appeal to this Court.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the decree is affirmed, without costs. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as failed to award interest to the estate on the costs awarded to it against respondent and failed to award petitioner costs on the prior appeal; matter remitted to the Surrogate's Court of Rensselaer County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.