■ In the Matter of SAWHORSE LUMBER AND MORE, INC., Doing Business as FOWLER & KEITH, Appellant, v RAY AMELL, Also Known as RAYMOND S. AMELL, Respondent. [769 NYS2d 316]—

Kane, J. Appeal from a judgment of the Supreme Court (Fromer, J.H.O.), entered April 15, 2002 in Ulster County, upon a decision of the court in favor of plaintiff.

Plaintiff commenced this action to recover money that defen-

dant allegedly owed for the purchase of goods on three separate accounts, for damages allegedly caused by defendant's inadequate installation of a roof on plaintiff's garage, and finance charges and counsel fees. After defendant failed to answer the complaint, plaintiff obtained, over defendant's objection, a default judgment. Supreme Court (Kavanagh, J.) denied defendant's motion to vacate the judgment pursuant to CPLR 5015 (a) (1) because that statute does not apply to contested default judgments. A damages inquest resulted in a judgment of over $100,000. The court subsequently granted defendant's CPLR 4404 motion to set aside the judgment. Plaintiff filed a notice of appeal, but the appeal was never perfected. After a nonjury trial, Supreme Court (Fromer, J.H.O.) awarded plaintiff a judgment of $38,111.26. Plaintiff appeals.

We decline to review Supreme Court's order setting aside the default judgment. By failing to perfect the appeal filed from that order within nine months, plaintiff is deemed to have abandoned that appeal (*see* 22 NYCRR 800.12). "[A] prior dismissal for want of prosecution acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal" (*Bray v Cox*, 38 NY2d 350, 353 [1976]; *see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 754 [1999]). While this Court has discretion to entertain an appeal in the interest of justice after the dismissal of a prior appeal that was abandoned (*see Rubeo v National Grange Mut. Ins. Co., supra* at 756), "such review should be exercised sparingly," and we decline to do so here (*Gammal v La Casita Milta*, 278 AD2d 364, 364 [2000]; *see Matter of Monaco Coach Corp. [Brandt]*, 281 AD2d 787, 789 [2001]).

Supreme Court's findings of fact and judgment after trial were adequately supported by the record. On appeal after a nonjury trial, this Court independently considers the weight of the evidence and grants judgment as warranted by the record, giving due deference to the trial court's factual findings which rest on credibility assessments (*see Shawangunk Conservancy v Fink*, 305 AD2d 902, 903 [2003]; *F&K Supply v Willowbrook Dev. Corp.*, 304 AD2d 918 [2003], *lv denied* 1 NY3d 502 [2003]; *Sawhorse Lbr. & More v Perrotta*, 279 AD2d 733, 734 [2001]). We will not disturb Supreme Court's findings here, almost all of which were based on credibility determinations.

Regarding the allegedly defective roof, plaintiff's expert testified that the entire roof needed to be removed and replaced with a new roof, while defendant's expert opined that minor repairs costing $150 would suffice. Supreme Court had the power to resolve this credibility issue between conflicting

experts, which it did by accepting the opinion of defendant's expert (*see Matter of Golub Corp./Price Chopper Operating Co. v Assessor of Town of Queensbury*, 282 AD2d 962, 962 [2001]). The court could have awarded plaintiff any amount previously expended for the repairs, but plaintiff did not present any proof as to the value of those repairs.

Supreme Court accepted defendant's version of events regarding the parties' settlement of accounts for materials that plaintiff supplied for defendant. On one account, which plaintiff claimed totaled over $14,000, defendant claimed that the value of materials delivered was half that amount. Defendant testified that, at plaintiff's request, he obtained three estimates for the same materials and the parties agreed to settle for the average cost. Defendant then tendered two checks which surpassed that average and which included materials discovered to have been left off the estimates. The last check contained a notation that the account was paid in full. According to defendant, plaintiff's president told him to make that notation rather than drafting any formal settlement documents. The court obviously did not credit testimony that plaintiff still expected the full amount billed, or its notation that the check was cashed under protest regarding defendant's paid in full statement. Based on defendant's testimony, the court deemed this account settled and paid in full.

Settlement discussions also occurred regarding another account. Both parties agree that at one point there was an agreement to settle for $35,000. Plaintiff believed that agreement was reached days after defendant was credited for a $10,000 payment, with that payment not constituting part of the settlement. Defendant thought the $10,000 payment was given as a down payment when the agreement was reached. Plaintiff later tried to withdraw this settlement offer after defendant refused to sign a release and addendum that he felt failed to adequately represent the settlement. Despite the conflicting testimony and confusion regarding the dates of the issued checks, Supreme Court believed that there was a valid settlement of this account for $35,000, with defendant's payment of $10,000 a credit toward that amount.

Supreme Court also properly determined that a credit agreement between defendant and the prior operator of plaintiff's business, a separate corporation doing business under the same name, was not effective as between the parties here. The parties also had an oral agreement for the two accounts at issue which was different from the normal account agreement. This different arrangement did not include finance charges or obligate de-

fendant to pay counsel fees for collection, as those matters were never discussed. Deferring to Supreme Court's credibility determinations, our independent review of the evidence supports that court's factual findings and judgment (*see Shawangunk Conservancy v Fink, supra* at 903).

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.