■ THOMAS A. MARTIN, Appellant, v ROBERT H. BIXBY et al., Respondents. [836 NYS2d 348]—

Rose, J. Appeal from an order of the Supreme Court (Egan, Jr., J.), entered March 3, 2006 in Columbia County, which granted certain defendants' motions to dismiss the complaint.

In a prior action, Supreme Court (Hummel, J.) granted defendant Virginia S. Martin a judgment for $300,000 against plaintiff, her former husband, based upon the terms of their prenuptial agreement. Plaintiff's motion for reconsideration was denied, and he failed to perfect an appeal. Plaintiff then filed for bankruptcy in an effort to discharge Martin's judgment. When that proved unsuccessful, he next commenced this action against her and the attorneys who had represented her in the prior proceedings. Plaintiff asserted claims of extortion and fraud relying upon his allegation that Martin had no standing to pursue her prenuptial agreement claim against him in the prior action because she had earlier filed for bankruptcy without properly listing it as an asset of her estate. In response, defendants Gregory G. Harris, Robert H. Bixby and Paige E. Crable moved for dismissal of the complaint on the grounds that, among other things, plaintiff's underlying claim of lack of stand-

ing was precluded by the collateral estoppel effect of rulings in the prior proceedings. Supreme Court (Egan, Jr., J.) granted their motions. Plaintiff now appeals.

"It is axiomatic that application of the doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent . . . proceeding an issue clearly raised in a prior . . . proceeding and decided against that party . . . , whether or not the . . . causes of action are the same' " (*Matter of Antoinette*, 291 AD2d 733, 734 [2002], *lv denied* 98 NY2d 604 [2002], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). Here, our review of the record reveals that plaintiff litigated the issue of standing in connection with his motion to dismiss Martin's complaint in the prior action seeking to enforce the prenuptial agreement and in his subsequent motion for reconsideration. Supreme Court (Hummel, J.), in its decisions on those motions, clearly rejected plaintiff's claim that Martin had lost her right to enforce the prenuptial agreement by not listing it as an asset in her earlier bankruptcy filing. While plaintiff apparently filed a notice of appeal from the resulting judgment and order, he later abandoned his appeal by failing to perfect it (*see e.g. Matter of Sawhorse Lbr. & More v Amell*, 2 AD3d 1082, 1083 [2003]).

Accordingly, we find no error in Supreme Court's determination that plaintiff's claims are precluded by the prior resolution of the issue of Martin's standing against him. In light of our conclusion that dismissal was warranted on the ground of issue preclusion, we need not review Supreme Court's further rulings.

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.