Stein, J.
Appeal from an order of the Supreme Court (Devine, J.), entered May 4, 2012 in Albany County, which, upon remittal, dismissed petitioner’s application, in a proceeding pursuant to Business Corporation Law article 11, to direct the judicial dissolution of Sunburst Associates, Inc.
*1225 Sunburst Associates, Inc. is a closely-held corporation that was created in 1995. For a substantial period of its existence, Sunburst’s ownership was split evenly between petitioner and respondent, with each party owning 10 shares of stock. In April 2010, petitioner commenced this proceeding pursuant to Business Corporation Law § 1104, alleging that he was a 50% shareholder of Sunburst and seeking its dissolution. In his answer and cross petition, respondent sought dismissal of the petition on the basis of his assertion that petitioner lacked standing because he had transferred all of his ownership interest in the corporation to respondent in 2007. Following a hearing strictly on the issue of petitioner’s standing to seek dissolution, Supreme Court found in respondent’s favor and dismissed the petition. Upon appeal to this Court, we remitted the matter for further proceedings (93 AD3d 1045 [2012]).[1] On remittal, Supreme Court adhered to its original finding that petitioner did not own any shares of Sunburst at the time the dissolution proceeding was commenced and dismissed the petition. This appeal ensued.
We affirm. As the party seeking judicial dissolution of the corporation, petitioner bore the burden of demonstrating by a preponderance of the evidence his standing to seek such relief based on his ownership of at least one half of the votes of all of Sunburst’s outstanding shares (see Business Corporation Law § 1104 [a]; 93 AD3d at 1046; Hunt v Hunt, 222 AD2d 759, 760 [1995]). Our review of Supreme Court’s determination, made after a hearing, “is not limited to whether [its] findings were supported by credible evidence; rather, if it appears that a finding different from that of Supreme Court is not unreasonable, we must weigh the probative force of the conflicting evidence and the relative strength of conflicting inferences that may be drawn, and grant judgment as warranted” (Hunt v Hunt, 222 AD2d at 761; see 93 AD3d at 1047). However, deference is given to the trial court’s credibility determinations, as that court “had the advantage of observing the witnesses firsthand and was in a better position to assess the evidence and weigh credibility” (Newland v State of New York, 205 AD2d 1015, 1016 [1994]; see Sawhorse Lbr. & More v Perrotta, 279 AD2d 733, 734 [2001]; Hunt v Hunt, 222 AD2d at 761).
*1226 As more fully detailed in our previous decision, each party owned 10 shares of Sunburst stock as of July 2007. However, on July 30, 2007, the parties signed a “stock certificate agreement,” which stated that petitioner was indebted to respondent in relation to corporate activities in an unspecified amount. Pursuant to the agreement, petitioner executed and delivered to respondent the original stock certificate representing all of his 10 shares in Sunburst. Respondent was to hold such certificate in escrow “to secure the payment of [petitioner’s] indebtedness” to him, and there was to be no change in petitioner’s status in the corporation or in his voting rights. However, the parties subsequently signed a statement of corporate action in August 2007, which indicated that respondent was the sole shareholder of Sunburst.
At the hearing, the parties testified to two completely divergent explanations of these documents. According to respondent, petitioner transferred his stock in Sunburst because of his substantial indebtedness to respondent, and the statement of corporate action was intended, as set forth therein, to “confirm to those with whom Sunburst . . . does business as to who the corporate officers are, and who has authority to act for and on behalf of [Sunburst].” Sunburst’s corporate attorney testified that the parties directed him to prepare the statement of corporate action—which was signed by both parties in his presence—and his testimony was otherwise consistent with that of respondent. As for petitioner’s indebtedness to respondent, the corporate accountant confirmed that, according to the corporate books, there was a balance of $187,255.98 due and owing as of December 2008.[2]
In contrast, petitioner testified that he was never indebted to respondent, that the August 2007 statement was only a “facade” to secure financing from lending institutions and that the transfer documents were never intended to divest him of ownership of his corporate stock. In furtherance of that position, petitioner relied on various documents including, among other things, the corporate income tax returns for years after 2007, indicating his status as 50% shareholder in the corporation. Supreme Court explicitly rejected petitioner’s testimony as lacking in credibility.
Preliminarily, we note that the information contained in corporate filings, such as tax returns, is not necessarily disposi *1227 tive (see Matter of Heisler v Gingras, 90 NY2d 682, 688 [1997]). Here, the accountant who prepared the unsigned tax returns was a friend of petitioner and did not independently verify the information regarding ownership contained therein. Further, we reject petitioner’s claim that the absence from the stock certificate agreement of the amount of his alleged indebtedness to respondent rendered that agreement invalid.
While a contrary finding would not have been unreasonable, when we weigh the probative force of the conflicting evidence and give appropriate deference to Supreme Court’s credibility assessments (see Sawhorse Lbr. & More v Perrotta, 279 AD2d at 734; Hunt v Hunt, 222 AD2d at 761), we discern no basis to disturb the court’s determination that petitioner failed to meet his burden of establishing—contrary to the statement of corporate action—that he was a 50% shareholder in Sunburst, with standing to seek its dissolution.
Petitioner’s remaining contentions have been considered and found to be without merit.
Peters, PJ., Spain and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

. The basis for remittal was that Supreme Court had not elaborated on its finding that petitioner did not have standing to bring the dissolution petition. However, it is now apparent that Supreme Court had issued findings of fact and conclusions of law—entered December 13, 2010—in conjunction with its order entered December 8, 2010. Unfortunately, these findings of fact and conclusions of law were not included or referenced in the record on the initial appeal.

. Additionally, respondent testified that he made the initial investment of $40,000 in the corporation and that, throughout the corporation’s history, he was the sole borrower or guarantor of its loans.