CHARLES C. O'BOYLE et al., Appellants and Respondents, *v.*
EDWARD C. BRENNER, Respondent and Appellant.

Argued January 15, 1952; decided March 13, 1952.

*Frederick M. Schlater* for plaintiffs, appellants and respondents. I. Defendant must make restitution to the children of all that he obtained from his wife on the faith of his promise. (*Matter of Buehler,* 186 Misc. 306, 272 App. Div. 757; *Foreman* v. *Foreman,* 251 N. Y. 237; *Sinclair* v. *Purdy,* 235 N. Y. 245; *Harrington* v. *Schiller,* 231 N. Y. 278; *Seaver* v. *Ransom,* 224 N. Y. 233; *Phalen* v. *United States Trust Co.,* 186 N. Y. 178; *Trustees of Amherst Coll.* v. *Ritch,* 151 N. Y. 282; *Keystone Hardware Corp.* v. *Tague,* 246 N. Y. 79; *Ryan* v. *Dox,* 34 N. Y. 307.) II. All carrying charges on the Ridgefield estate are chargeable to defendant as life tenant. (*Stevens* v. *Melcher,* 152 N. Y. 551; *Matter of Albertson,* 113 N. Y. 434; *Clarke* v. *Clarke,* 145 N. Y. 476; *Matter of Tracy,* 179 N. Y. 501; *Matter of Appell,* 199 App. Div. 580, 234 N. Y. 600; *Matter of Eckenroth,* 167 Misc. 632; *Burchell* v. *Helvering,* 115 F. 2d 681.)

*Menahem Stim, Francis J. Mahoney* and *Joseph D. Stim* for defendant, respondent and appellant. I. Assuming that the contents of deceased's notes were in the form found by the trial court, there is no clear and convincing evidence that defendant ever made any such promise. (*Steere* v. *Steere,* 5 Johns. Ch. 1; *Aumack* v. *Jackson,* 79 N. J. Eq. 599; *Wallace* v. *Wallace,* 158 App. Div. 273, 216 N. Y. 28; *Tracy* v. *Danzinger,* 253 App. Div. 418, 279 N. Y. 679; *Strype* v. *Lewis,* 352 Mo. 1004; *Rutherford* v. *Carpenter,* 202 N. Y. 532; *Roberts* v. *Fulmer,* 301 N. Y. 277.) II. The contents of the notes as found by the trial court were not proved by the " clear and convincing evidence " requisite for a constructive trust, especially where, as here, very slight differences in recollection make the difference between a " solemn promise " upon which parties may rely for legally

binding action and a " hope and expectation ". (*Updike* v. *Mace,* 194 F. 1001.) III. There is no evidence or finding by the trial court of reliance on the alleged promise or intention to impose an enforcible obligation. (*McCormick* v. *Grogan,* L. R. 4 H. L. 82; *Miller* v. *Hill,* 64 Misc. 199, 137 App. Div. 378, 203 N. Y. 646; *McCahill* v. *McCahill,* 71 Hun 221.) IV. The absence of evidence as to " clear and convincing proof " should have resulted in the complete reversal of the judgment and dismissal of the complaint by the Appellate Division.

*Per Curiam.* The record strongly supports the conclusion that decedent willed her estate to defendant with the under-standing, and upon his agreement, that, upon his death, he would leave all the property which he received from her to her children, and, accordingly, the constructive trust declared and created by the Appellate Division was proper.

Nothing in the record, however, indicates that defendant was to have the " free use " of the Ridgefield estate and, that being so, the court at Special Term correctly charged defendant with the sum of $15,952.57, representing expenses in connection with that property, including those for its ordinary maintenance and upkeep, and with the amount of $743.76, constituting the real estate taxes for the years 1946 and 1947. Insofar, though, as the real estate taxes for the year 1945, amounting to $650.19, are concerned, they became a lien on the property on the assessment date, October 1, 1944 (1939 Supp. to Conn. Gen. Stats. [1930 rev.], § 337e, subd. [b]), which was prior to decedent's death, and were properly charged against the corpus of the estate.

The judgment of the Appellate Division should be modified in accordance with the opinion herein, and, as so modified, affirmed, with costs to the plaintiffs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment accordingly.