■ In the Matter of the Claim of FRANK T. PORCO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— COOKE, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed April 24, 1967, finding claimant ineligible to receive unemployment insurance benefits. Following the incorporation of Franvira Contracting Corporation, engaged in residential building and into which claimant and two associates had invested equal amounts, one third of its stock was issued to claimant. Shortly thereafter, a transfer thereof was made so that claimant had a certificate for one sixth of the stock and another certificate for the remaining sixth was issued to his wife. After making the claim for benefits effective October 31, 1966, claimant stated that he was the owner of one third of the shares, although he thereafter explained that he had forgotten about the transfer to his wife, and testified that he did not think his wife put her own money into the corporation. No evidence of consideration was advanced and claimant's associates made similar transfers to their wives. No dividends have been paid by the corporation and the associates have only received salaries. Under paragraph (d) of subdivision 2 of section 517 of the Labor Law, the compensation paid by a corporation to an employee who is a principal stockholder in that corporation is excluded from the term remuneration, unless the tax imposed by the Federal Unemployment Tax Act is payable with respect to such compensation, a principal stockholder meaning one who owns 25 per centum or more of the capital stock of the corporation. To confine this definition of a principal stockholder to record owners of stock only could result in thwarting the purposes of the statute (cf. *Matter of Wersba* [*Catherwood*], 27 A D 2d 890; *Matter of Berson* [*Corsi*], 283 App. Div. 190, 193–194). Although the stock books and books of account of said corporation are prima facie evidence of the facts therein stated in favor of a plaintiff in any action or special proceeding against it or any of its officers, directors or shareholders (Business Corporation Law, § 624), they are not conclusive as to who is a stockholder nor as to the ownership of stock (*Matter of Ringler & Co.*, 204 N. Y. 30; *Campbell* v. *American Zylonite Co.*, 122 N. Y. 455; *Davis* v. *Fraser*, 121 N. Y. S. 2d 643, affd. 283 App. Div. 657, affd. 307 N. Y. 433; 11 N. Y. Jur., Corporations, § 128). It is undisputed that the corporation was not subject to the Federal Unemployment Tax Act (U. S. Code, tit. 26, § 3306). The decision of the board that claimant was the actual owner of more than 25 per centum of the capital stock of the corporation was supported by substantial evidence and should not be disturbed (Labor Law, § 623; cf. *Matter of Ortiz* [*Catherwood*], 31 A D 2d 985; 47 N. Y. Jur., Property, § 12). Decision affirmed, without costs. Herlihy, J. P., Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Cooke, J.; Aulisi, J., not voting.