■ JANE A. KYLE, as Executrix of ARTHUR C. KYLE, JR., Deceased, et al., Respondents-Appellants, v DAVID A. KYLE, Appellant-Respondent; FRED G. HARTMAN, Respondent-Appellant, et al., Defendant. (Action No. 1.) FRED G. HARTMAN, Respondent-Appellant, v ST. LAWRENCE RADIO, INC., Defendant; DAVID A. KYLE, Appellant-Respondent, and JANE KYLE, Respondent-Appellant. (Action No. 2.) — Casey, J. Cross appeals, in both actions, from an amended order of the Supreme Court, entered October 25, 1984 in St. Lawrence County, upon a decision of the court at Trial Term (Viscardi, J.), without a jury.

These actions arose out of a dispute as to the majority ownership of the stock in a closely held corporation which has as its major asset a radio station in the Town of Potsdam, St. Lawrence County. The corporation was formed in the early 1950s, pursuant to the former Stock Corporation Law. Defendant David Kyle (hereinafter defendant) was an initial director and officer of the corporation, and 100 shares of common stock were issued to him. Common stock was also issued to several other persons, including defendant's mother. Facilities for the radio station were constructed and, following licensing by the Federal Communications Commission (FCC), the station went on the air in April 1956. Defendant was active in the management of the radio station during the early years of its existence. Defendant's father assisted defendant in the legal aspects of the business; during this period, defendant's brother, Arthur C. Kyle, Jr. (hereinafter decedent), was active in a Syracuse radio station in which the Kyle family had an interest. In 1958, Fred G. Hartman was hired as manager of the Potsdam radio station, a position he held until 1974. The father of defendant and decedent died in 1960; their mother died in 1970, leaving her stock in the corporation to decedent. Defendant and his family moved to England in 1969 and resided there until 1977, except for occasional visits to the United States. While defendant was in England, decedent became involved in the management of the corporation following the sale of the family's interest in the Syracuse radio station. Shortly after defendant returned to this

country in 1977, decedent suffered a stroke from which he never recovered; he died in 1979. Shortly thereafter, the dispute arose as to whether defendant or decedent's estate was the majority stockholder in the corporation.

Representatives of decedent's estate commenced action No. 1 seeking a judgment declaring that decedent's estate was the majority shareholder of the corporation and enjoining defendant's involvement in the corporation's business. Hartman, a minority stockholder in the corporation who is also named as a party defendant in action No. 1, commenced action No. 2 seeking to permanently enjoin the corporation from paying salaries to defendant and decedent's wife, who is the executrix of decedent's estate. Defendant's motions to dismiss the actions were denied and, pursuant to stipulation, a joint trial was held. The evidence at trial revealed a number of stock transactions subsequent to the initial issue of common stock of the corporation on 1954. The stock book certificates and the reports filed by the corporation with the FCC contain substantial discrepancies as to the ownership of the corporation's stock. Trial Term concluded that the records must be considered together with the witnesses' testimony in order to determine what had occurred in the transactions. Based upon its analysis of this evidence, Trial Term found that decedent's estate owns 134.7 shares of common stock of the corporation, defendant owns 98.1 shares and Hartman owns 35 shares. Trial Term also concluded that neither defendant nor decedent's wife was entitled to any salary from the corporation until the board of directors met and properly authorized such payment. Judgment was entered accordingly and was resettled by an amended order. These cross appeals ensued. We affirm.

Defendant contends that the actions should have been dismissed at the pleading stage. Defendant makes a number of arguments in support of this contention, most of which distill to a claim that plaintiffs were required to comply with and pursue remedies under the Business Corporation Law (BCL) and that, therefore, declaratory and injunctive relief cannot be granted. It is apparent from the record that, after its inception, this small corporation has been managed and its business conducted without regard for the formal requirements of the BCL. Defendant not only acquiesced in this informal management of the business, but he actively participated in it during the early years of the corporation's existence. Thus, his claim that plaintiffs should now be limited to their remedies under the BCL is less than persuasive. In these circumstances, we conclude that a declaratory judgment action is an appropriate vehicle to determine stock ownership (*see, Lirosi v Elkins,* 89 AD2d 903; *Grant v*

*Adler,* 30 AD2d 657) and, insofar as is necessary to sustain the action, action No. 2 can be viewed as a shareholder's derivative action with the demand required by BCL § 626 (c) deemed futile (*see, Barr v Wackman,* 36 NY2d 371, 377-379).

Defendant also contends that Trial Term did not accord the proper weight to the corporation's books. Such books are to be treated as prima facie evidence (BCL § 624 [g]), but they are not conclusive of the matters stated therein (*Matter of Porco,* 32 AD2d 983). We agree with Trial Term that the FCC reports, which conflicted with the corporate records on the issue of stock ownership, created a question of fact. Defendant next maintains that an over-issuance of stock occurred, voiding stock which was later issued to decedent. Again, we agree with Trial Term that the evidence establishes a reallocation of shares rather than a new issuance thereof. We also reject defendant's claim of error in Trial Term's finding that certain shares had not been transferred to defendant pursuant to a contract. There is nothing in the record to establish that the FCC had approved the transfer, which was a condition of the contract that defendant seeks to enforce.

Defendant attacks Trial Term's finding of stock ownership as against the weight of the evidence. As noted above, the discrepancies between the corporation's records and the FCC reports created a question of fact. Trial Term resolved this factual issue by weighing the documentary evidence and the testimony. Its decision reveals a complete and comprehensive analysis of the relevant proof, and we agree with Trial Term's findings.

The remaining arguments raised by the parties have been considered and found lacking in merit. The amended order should be affirmed.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.