■ In the Matter of RUTH E. SMITH, Deceased. BRUCE C. McGREGOR, JR., as Executor of RUTH E. SMITH, Deceased, Appellant; ROBERT W. MORGAN, Respondent.—In an action, *inter alia,* to recover damages for conversion, which was transferred from the Supreme Court, Suffolk County, to the Surrogate's Court, Suffolk County, the plaintiff, as executor of the estate of Ruth E. Smith, appeals from a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), entered November 28, 1988, which, upon a jury verdict finding that certain United States Treasury notes claimed by the estate were a gift by the decedent to the respondent and that the decedent forgave a $5,000 loan made to the respondent, *inter alia,* dismissed the complaint.

Ordered that the decree is modified, on the law, by deleting from the first decretal paragraph thereof the words: "and the $5,000.00 loaned to the defendant by the decedent" and substituting therefor a provision declaring that the loan of $5,000 is a valid debt due and owing to the estate; as so modified the decree is affirmed, without costs or disbursements.

We find that evidence of conversations with the decedent regarding her gift of certain United States Treasury notes to the defendant was properly admitted under the so-called "Dead Man's Statute" after the appellant "opened the door" as to those transactions and conversations during his case in chief *(see,* CPLR 4519; *Matter of Wood,* 52 NY2d 139, 145; *Cole v Sweet,* 187 NY 488; *Nay v Curley,* 113 NY 575). Moreover, we find that the jury verdict was not against the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129).

However, the door was not opened with regard to the decedent's conversation with the respondent wherein she allegedly forgave a $5,000 loan. As there is no proper evidence upon which it could be found that the loan was forgiven, we modify the Surrogate's decree and find that the loan is a valid debt due and owing to the decedent's estate.

We have considered the estate's remaining contentions and find them to be without merit. Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.