■ Louis Neos et al., Respondents-Appellants, v Gus Neos et al., Appellants-Respondents. [623 NYS2d 12] —In an action, *inter alia,* to impose a constructive trust, (1) the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated June 16, 1993, as denied their cross motion for summary judgment dismissing the complaint pursuant to CPLR 3126, on condition that the plaintiffs produce certain documents within 60 days after service upon them of a copy of the order, and (2) the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as (a) denied their motion for a protective order pursuant to CPLR 3133, (b) directed them to respond to the defendants' fourth set of interrogatories, and (c) conditionally denied the defendants' cross motion for summary judgment dismissing the complaint.

■ Louis Neos et al., Appellants-Respondents, v Gus Neos et al., Respondents-Appellants, et al., Defendants. [623 NYS2d 10] —In an action, *inter alia,* to impose a constructive trust, (1) the plaintiffs appeal, as limited by their brief, from so much of

an order of the Supreme Court, Queens County (Rutledge, J.), dated June 8, 1992, as (a) denied their motion for summary judgment, (b) granted those branches of the defendants' cross motion which were to dismiss the first, second, third, fourth, sixth, and seventh causes of action to the extent of dismissing those causes of action insofar as they are asserted against the defendants Gus Neos and Christopher Neos, (c) dismissed the entire complaint insofar as it is asserted against the defendants Patrick Lacey, Drillco Devices, Ltd., Drillco Equipment Co., Inc., Drillco Manufacturing Co., Inc., Drillco Diamond Realty Corp., and Elliott Products Co., Inc., and (d) granted that branch of the defendants' cross motion which was to strike as inadmissible any evidence of communications and transactions between the plaintiffs and Angelo Neos, and (2) the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the fifth cause of action.

Ordered that the order is modified by (1) deleting the provision thereof which granted those branches of the defendants' cross motion which were to dismiss the first, second, third, fourth, sixth, and seventh causes of action insofar as they are asserted against the defendants Gus Neos and Christopher Neos, and substituting therefor a provision denying those branches of the cross motion, and (2) deleting the provision thereof which granted that branch of the defendants' cross motion which was to strike as inadmissible any evidence of communications and transactions between the plaintiffs and Angelo Neos and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

This case involves the disposition of corporate stock previously owned by Angelo Neos (hereinafter Angelo), now deceased, who, shortly after being diagnosed with terminal cancer transferred the stock to himself and his oldest son, the defendant Gus Neos (hereinafter Gus), as joint tenants with the right of survivorship. At around the same time, a last will and testament and a shareholders' agreement were prepared by an attorney, based upon his discussions with Gus and Angelo Neos. The will made no mention of the stock. However, the shareholders' agreement indicated that the stock was being held by Gus and Angelo Neos for the benefit of all of

Angelo's sons. Gus Neos admitted that he signed the shareholders' agreement, but claims that he did not read it and merely signed his name, as well as his father's name, in order to stop his brother, the plaintiff Louis Neos, from bothering him, and to prevent his father from being disturbed at this emotionally troubling time. The plaintiffs assert, *inter alia,* that the decedent did, in fact, sign the shareholders' agreement, and that the stock was transferred in trust for their equal benefit. Gus Neos contends that his father transferred the stock to him unconditionally. Gus admitted, however, that he had an understanding with his father that the stock would be transferred to Gus's oldest brother upon Gus's death, and that this brother, in turn, upon his death, would transfer the stock to the next oldest brother, and so on.

The Supreme Court properly denied the plaintiffs' motion for summary judgment as to their breach of contract cause of action because there is a question of fact as to what, if any, consideration was given in connection with the shareholders' agreement *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 464). The plaintiffs however, also raised a triable issue of fact as to whether Angelo intended the shareholders' agreement to create an express inter vivos trust *(see,* 106 NY Jur 2d, Trusts, §§ 59-61, 63-71, 80-83, 85). Further, there is evidence that Gus induced Angelo not to bequeath his stock to the plaintiffs, by an express or implied promise that Gus would hold the stock as trustee on behalf of himself and his brothers. Therefore, the Supreme Court erred when it dismissed the plaintiffs' cause of action to impose a constructive trust to compel Gus Neos to fulfill that promise *(see, Goldsmith v Goldsmith,* 145 NY 313, 316-317; *see also,* 106 NY Jur 2d, Trusts, §§ 172, 173; *cf., O'Boyle v Brenner,* 303 NY 572, 574). The remaining ancillary causes of action predicated upon the same theories are likewise reinstated.

In addition, the defendants waived the protection of the Dead Man's Statute by introducing Gus Neos's sworn testimony regarding conversations that he had with Angelo about the transactions in question *(see,* CPLR 4519; *see also, Matter of Smith,* 171 AD2d 666; *cf., Matter of Wood,* 52 NY2d 139, 144-146).

There is no merit to the defendants' remaining contentions. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.