■ In the Matter of ALVIN C. STEWARD, Deceased. CLIFFORD A. STEWARD, JR., Appellant; HELEN STEWARD, Respondent. [646 NYS2d 135] —In a proceeding to judicially settle the intermediate account of the petitioner as the executor of the estate of Alvin Clifford Steward, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated April 25, 1995, which determined (1) that the stock of 124-18 Queens Boulevard Corporation was the property of the decedent at the time of his death and is to be included as an asset in his estate, and (2) that the decedent's marital residence was the property of the objectant at the time of the decedent's death, and was improperly included as an asset in the decedent's estate.

Ordered that the order is affirmed, with costs payable by the appellant personally.

The petitioner-appellant (hereinafter the son) filed an intermediate account as the executor of the estate of his father (the decedent). In the account, he included the decedent's marital residence as an estate asset, but excluded the stock of a corporation which the decedent had operated.

After a nonjury trial, the Surrogate determined that the house was the property of the objectant (the decedent's wife) and had been improperly included in the account as an estate asset. The court also held that the stock was an estate asset based on the evidence that the decedent placed the corporate stock in the son's name only as a nominee without giving or intending to give the son any beneficial interest in the stock. The son appeals.

We find that the record supports the Surrogate's determination and, therefore, affirm.

Although the books of a corporation are prima facie evidence of stock ownership, they are not conclusive, and

testimony may be taken to aid in the determination as to who is the owner of the stock *(see, Matter of Ringler & Co.,* 204 NY 30; *Kyle v Kyle,* 111 AD2d 537; *Matter of Porco,* 32 AD2d 983).

Although the corporate books showed that the decedent transferred the corporation's stock to the son in 1952, the testimony overwhelmingly showed that the decedent managed and controlled the corporation, collected rents, and used the proceeds for his own expenses. The son was rarely involved in the corporation's business, and no proceeds from the corporation were ever distributed to him or set aside for him. Moreover, the individual who was the corporation's attorney for approximately 40 years, explained that the decedent transferred the corporation's stock into the son's name for the purpose of avoiding payment of inheritance tax. Thus, the Surrogate properly determined that the corporate stock should be included as an asset in the decedent's estate.

As for the marital residence, the evidence showed that the decedent bought the house in 1952 as a wedding gift for his wife. In order to avoid payment of a commission to the broker, he bought the house in the name of a third person, who shortly thereafter conveyed the property to the wife. In 1955, the decedent, who was having financial and legal problems, caused the house to be deeded to his wife using her middle and maiden names to shield the house from potential creditors. Thereafter, the house remained in the wife's name. Accordingly, the Surrogate properly determined that the house should not be included as an asset in the decedent's estate. Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.