■ Marian Louis, Appellant, v Victor D. Gaines, Respondent. [680 NYS2d 670] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated November 3, 1997, as denied those branches of her motion which were for pendente lite maintenance, counsel fees, and expert fees.

Ordered that the order is modified by deleting the provision thereof denying that branch of the wife's motion which was for pendente lite expert fees, and substituting therefor a provision granting that branch of the motion in the amount of $7,500; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Pendente lite maintenance is " 'designed to insure that a needy spouse is provided with funds for his or her support and reasonable needs pending trial' " (*Ferdinand v Ferdinand,* 215 AD2d 350, quoting *Cohen v Cohen,* 129 AD2d 550). The plaintiff wife, who is employed part-time and has in excess of $100,000 in liquid assets, failed to demonstrate that she lacks sufficient property and income to provide for her reasonable needs (*see,* Domestic Relations Law § 236 [B] [6]). Thus, the Supreme Court properly denied her application for pendente lite maintenance.

The Supreme Court also properly denied the plaintiff wife's application for interim counsel fees with leave to renew at trial, as the record demonstrates she has sufficient assets to pay counsel (*see,* Domestic Relations Law § 237; *McCarthy v McCarthy,* 172 AD2d 1040).

However, given the defendant husband's failure to disclose

all his income and because the plaintiff wife is required to obtain expert testimony to establish at trial for purposes of equitable distribution the value of the defendant husband's various business interests, the court should have granted the plaintiff wife's application for pendente lite expert fees in the amount of $7,500 (see, Polychronopoulos v Polychronopoulos, 226 AD2d 354, 356; Krinsky v Krinsky, 208 AD2d 599, 601; Schwartz v Schwartz, 160 AD2d 791). Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.