■ LORI A. FRENCH, Respondent, v PATRICK L. FRENCH, Appellant. [733 NYS2d 75] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Suffolk County (Loughlin, J.), dated June 8, 2000, as denied his motion for summary judgment on the issue of his ownership interest in OnSite Energy Company, Inc., and (2) an order of the same court, dated November 2, 2000, which directed him to pay $9,000 in interim accounting fees.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff claims that the defendant's ownership interest in a closely-held corporation is subject to equitable distribution and that the defendant transferred this marital asset in contemplation of the divorce action without fair consideration. Contrary to the defendant's contention, he failed to establish that he was entitled to summary judgment on this issue. It is well established that the proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). The defendant failed to establish as a matter of law that he did not have an ownership interest in the closely-held corporation. The mere fact that the corporation did not issue any stock certificates does not preclude a finding that he has the rights of a shareholder (*see, Serdaroglu v Serdaroglu,* 209 AD2d 600, 602; *Matter of C & M Plastics,* 194 AD2d 1020, 1022; *Matter of Benincasa v Garrubbo,* 141 AD2d 636, 638). Moreover, the conflicting deposition testimony and substantial discrepancies in the corporate records create questions of fact on the issue of stock ownership (*see, Matter of Steward,* 229 AD2d 500; *Kyle v Kyle,* 111 AD2d 537).

Given the defendant's persistent lack of candor about his financial interest in the closely-held corporation, the plaintiff's need to retain an accountant to establish the value of that interest, and the respective financial positions of the parties,

the Supreme Court providently exercised its discretion in directing the defendant to pay $9,000 in interim accounting fees (*see, Louis v Gaines,* 255 AD2d 561; *Polychronopoulos v Polychronopoulos,* 226 AD2d 354). Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur.