■ SALVATORE MIGLIO, Plaintiff, v EDWARD G. SCHILDBACH, Defendant. (Action No. 1.) LOCUST VALLEY SHOPPES, INC., Respondent, v SALVATORE MIGLIO, Appellant. (Action No. 2.) [757 NYS2d 61] —In two related actions, inter alia, to rescind certain instruments for the sale of shares of stock of Locust Valley Shoppes, Inc., and to recover damages for breach of contract, which were consolidated for trial, the defendant in Action No. 2 appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated November 26, 2001, which granted the motion of the plaintiff in that action for summary judgment dismissing his counterclaims and affirmative defenses and for leave to discontinue the action, and denied his motion for leave to amend his pleadings. Presiding Justice Prudenti has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

Edward Schildbach was the owner of 24½% of the shares of stock of a corporation known as Locust Valley Shoppes, Inc., the plaintiff in Action No. 2 (hereinafter LVS). In August 1984 Schildbach entered into an agreement (hereinafter the 1984 agreement) with the appellant, Salvatore Miglio, pursuant to which Schildbach agreed to transfer ownership of the shares to Miglio after certain contingencies occurred. However, while Schildbach's stock certificate was physically delivered to Miglio, the shares were never formally transferred to Miglio. Thereafter, LVS sought rescission of the instruments which purported to transfer the stock to Miglio and the return of the LVS stock certificates. The Supreme Court granted the motion of LVS to dismiss Miglio's counterclaims and affirmative defenses, and for leave to discontinue the action. We affirm.

LVS established its prima facie entitlement to summary judgment by demonstrating that Schildbach remained the record owner of the shares of stock in LVS. Pursuant to the

corporate bylaws, LVS was not bound to "recognize any equitable or other claim to or interest in such share[s] on the part of any other person." Moreover, Miglio's interpretation of the 1984 agreement would render meaningless the provisions thereof regarding the occurrence of certain contingencies (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.,* 63 NY2d 396, 403 [1984]; *Malloy v O'Neill,* 242 AD2d 260, 261 [1997]; *Bank of N.Y. v Murphy,* 230 AD2d 607 [1996]). In opposition to the motion, Miglio failed to raise a triable issue of fact. In this regard, we note that Schildbach was identified in a 1985 power of attorney as the owner of the shares, and in subsequent sworn statements and deposition testimony, Miglio admitted that Schildbach retained ownership of the shares after the 1984 agreement was executed. Accordingly, summary judgment was properly granted to LVS.

The denial of Miglio's motion for leave to amend his pleadings was a proper exercise of discretion (*see* CPLR 3025 [b]; *Pogue v Del Rosario,* 266 AD2d 525, 526 [1999]; *Romeo v Arrigo,* 254 AD2d 270 [1998]). Not only was the motion brought 11 years after the commencement of the action, but Miglio also failed to satisfy the threshold requirement for a claim of corporate dissolution, as he is not a holder of at least 20% of the outstanding corporate shares (*see* Business Corporation Law 1104-a; *Shea v Hambros PLC,* 244 AD2d 39, 52-53 [1998]). Prudenti, P.J., Santucci, Goldstein and Cozier, JJ., concur.