■ In the Matter of JOSEPH CAPIZOLA, Appellant, v VANTAGE INTERNATIONAL, LTD., et al., Respondents. [770 NYS2d 395]—

In a hybrid proceeding, inter alia, for judicial dissolution pursuant to Business Corporation Law § 1104-a of the respondents Vantage International, Ltd., and Vantage Associates, Inc., and an action for a judgment declaring that the petitioner is the owner of 20% of the shares of the respondent Vantage International, Ltd., the petitioner appeals (1) from an order of the Supreme Court, Rockland County (O'Rourke, J.), dated November 7, 2002, which, after a nonjury trial pursuant to CPLR 3212 (c) on the pre-answer motion of the respondents to dismiss the petition and complaint on the ground of the petitioner's lack of

standing, granted the motion, and (2), as limited by his brief, from so much of an order of the same court dated January 14, 2003, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated November 7, 2002, is dismissed, as that order was superseded by the order dated January 14, 2003, made upon reargument; and it is further,

Ordered that the order dated January 14, 2003, is reversed insofar as appealed from, on the law and the facts, and upon reargument, the respondents' motion to dismiss the petition and complaint for lack of standing is denied, the order dated November 7, 2002, is vacated, the petition and complaint are reinstated and the matter is remitted to the Supreme Court, Rockland County, for further proceedings; and it is further,

Ordered that the respondents are directed to serve their answer within 20 days of service upon them a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

"On an appeal . . . after a nonjury trial, this Court's standard of review is not limited to whether the trial court's verdict is against the weight of the evidence. This Court may 'review . . . the record as a whole and . . . grant the judgment warranted' " (*Ancewicz v Western Suffolk BOCES,* 282 AD2d 632 [2001], quoting *Matter of Hall v Barnes,* 225 AD2d 837, 839 [1996]; *see We're Assoc. Co. v Rodin Sportswear,* 288 AD2d 465, 466 [2001]). Our scope of review is as broad as that of the trial court (*see We're Assoc. Co. v Rodin Sportswear, supra; Lozada v State of New York,* 267 AD2d 215 [1999]; *U.S. No. 1 Laffey Real Estate v Hanna,* 215 AD2d 552, 553 [1995]).

The Supreme Court erred in ignoring or relegating to insignificance the overwhelming proof that the petitioner was a 20% shareholder of Vantage International, Ltd. (formerly USIS Contracting, Inc.) (hereinafter the corporation). The petitioner proved that he supplied consideration for his stock interest when he gave the corporation his concept for the business of this corporation. He introduced the respondent Kevin Doran to the respondents Joseph Lagana, Robert Lagana, Michael Lagana, and John Lagana, and he provided services to the corporation's wholly owned subsidiary, Vantage Associates, Inc. His receipt of a salary as a corporate employee did not eradicate the consideration for his stock interest (*see Gross v Vogel,* 81 AD2d 576, 577 [1981]). The petitioner also proved that the stock certificate was delivered to him. Therefore, the respondents are estopped from claiming that the petitioner was not a shareholder

in the corporation (*see Matter of Pickwick Realty,* 246 AD2d 863, 866 [1998]; *Block v Magee,* 146 AD2d 730, 733 [1989]).

The evidence of the petitioner's stock interest is bolstered by the circumstance that the shareholders' agreement, the nonconsummation of which is the excuse proffered by the respondent Joseph Lagana for allegedly withholding the issuance of the petitioner's stock, recited that the petitioner was already a stockholder. Furthermore, if the stock was never issued to the petitioner, no need existed to write the word "Void" across the face of his stock certificate. Other circumstances also prove the issuance of stock to the petitioner. The 1999 Subchapter S corporate tax return provided a Schedule K-1 reporting the petitioner as a 20% shareholder, and the 1999 New York S Corporation Franchise Tax Return listed the petitioner, among all the shareholders, as holding a 20% ownership interest in the corporation.

In terms of credibility, the respondent Joseph Lagana's testimony failed as a matter of fact and law to establish the existence of a contingent ownership dependent on the petitioner executing a shareholders' agreement. First, the petitioner attempted to negotiate the terms of this agreement but was met with silence in response to his concerns. This condition, if it was a condition to the issuance of his stock, ceased to exist because Joseph Lagana thwarted it (*see Amies v Wesnofske,* 255 NY 156, 162-163 [1931] ["If a promisor . . . is the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of the failure . . . It is a well-settled and salutary rule that a party cannot insist upon a condition precedent, when its non-performance has been caused by himself" (citations and internal quotation marks omitted)]). Second, Joseph Lagana destroyed a so-called "transfer sheet" that would have revealed the shares issued and delivered to the petitioner. Third, Joseph Lagana claimed an absurdity when he testified, *ante litam motem,* that the petitioner was removed as president but no one told the petitioner, who continued to act as such, until one year later. Finally, Joseph Lagana's account of the alleged theft of corporate records from his car was incredible. He told the police that nothing of value had been stolen, yet he offered a reward for their return.

Joseph Lagana demonstrated through his testimony, his opposition to the search of his computer hard drives to overcome the destruction or loss of documents, and his destruction of a document, that his posture in this lawsuit is dictated by pure animosity to the petitioner and a motive to thwart the petition-

er's claims at any cost. The Supreme Court erred in accepting this imperious stance.

Accordingly, the Supreme Court erred in its determination that the petitioner lacked standing and should have denied the motion to dismiss. Therefore, we reinstate the petition and the complaint and afford the respondents an opportunity to submit an answer. Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.