■ ALICE T. O'BRIEN, Appellant, v WILLIAM A. DALESSANDRO et al., Respondents. [843 NYS2d 348]—

In an action, inter alia, to impose a constructive trust on certain property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), entered March 15, 2005, which, after a nonjury trial pursuant to CPLR 3212 (c), is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to impose a constructive trust in her favor on her Port Washington residence (hereinafter the premises), owned by the defendant Josephine Dalessandro, and to enjoin enforcement of a judgment of possession for the residence entered in favor of that defendant by the Nassau County District Court. After converting the defendants' motion to dismiss the complaint to a motion for summary judgment dismissing the complaint (*see* CPLR 3211 [c]), the Supreme Court ordered an immediate trial pursuant to CPLR 3212 (c) "to determine the existence of the requisite elements in an action to impress a constructive trust." After a nonjury trial, the Supreme Court found that the plaintiff had not proven the elements necessary to impose a constructive trust and awarded judgment in favor of the defendants dismissing the complaint. We affirm.

"In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is 'as broad as that of the trial court' and includes the power to 'render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses' " (*Man Choi Chiu v Chiu*, 38 AD3d 619 [2007], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). This standard applies to review of determinations made after a nonjury trial conducted

pursuant to CPLR 3212 (c) (*see Matter of Capizola v Vantage Intl.,* 2 AD3d 843 [2003]).

The usual elements of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *Cruz v McAneney,* 31 AD3d 54, 59 [2006]). However, these factors should be applied flexibly (*see Simonds v Simonds,* 45 NY2d 233, 241 [1978]; *Rocchio v Biondi,* 40 AD3d 615 [2007]). "The ultimate purpose of a constructive trust is to prevent unjust enrichment and, thus, a constructive trust may be imposed 'when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Cruz v McAneney,* 31 AD3d 54, 58-59 [2006], quoting *Sharp v Kosmalski,* 40 NY2d at 121).

The Supreme Court found the plaintiff's testimony that the defendant William A. Dalessandro promised to transfer title of the premises to her to be incredible. We see no reason to disturb this finding. In any event, the plaintiff failed to prove that the defendants would be unjustly enriched by retaining title to the premises (*see Sharp v Kosmalski,* 40 NY2d at 121).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Prudenti, P.J., Santucci, Fisher and Angiolillo, JJ., concur.