■ BEN PERNELL, Respondent, v 287 ALBANY AVENUE, LLC, Appellant. [944 NYS2d 614]—

In an action to recover damages for wrongful eviction, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Spinner, J.), entered December 22, 2010, which, upon a decision of the same court dated October 4, 2010, made after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $120,000.

Ordered that the judgment is reversed, on the facts, with costs, and the complaint is dismissed.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]; *O'Brien v Dalessandro*, 43 AD3d 1123, 1123-1124 [2007]).

The Supreme Court erred in awarding the plaintiff the sum of $120,000, representing a loss of $30,000, plus treble damages in the sum of $90,000, to compensate him for equipment he lost as a result of a wrongful eviction. The only proof adduced at trial to establish the value of the equipment was the hearsay testimony of the plaintiff, as well as the hearsay testimony of another witness that a third party in Georgia offered to purchase the equipment for the sum of $30,000 after the witness described the equipment to that third party during a telephone conversation. Neither the plaintiff nor his witness testified from his own knowledge as to the actual value of the equipment. Since the plaintiff's claim that he sustained damages by virtue of losing the equipment was based completely on hearsay, and unsupported by competent proof, the complaint

should have been dismissed (*see Lane v Smith,* 84 AD3d 746 [2011]). Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur. **[Prior Case History: 29 Misc 3d 1205(A), 2010 NY Slip Op 51699(U).]**