■ Man Choi Chiu et al., Respondents-Appellants, v Winston Chiu, Appellant-Respondent. (And Another Title.) (Action No. 1.) Winston Chiu, Appellant-Respondent, v Man Choi Chiu et al., Respondents-Appellants. (Action No. 2.) [4 NYS3d 279]—

In two related actions, inter alia, for a judgment declaring the parties' interests in a certain limited liability company, which were joined for trial, Winston Chiu appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Weiss, J.), entered February 6, 2013, as, upon a decision of the same court dated August 30, 2012, made after a nonjury trial, declared that he owned only a 10% membership interest in 42-52 Northern Blvd., LLC, directed Man Choi Chiu to pay the principal sum of only $1,044,974 to purchase his membership interest, and dismissed his causes of action to recover damages for breach of fiduciary duty, and Man Choi Chiu and 42-52 Northern Blvd., LLC, cross-appeal, as limited by their brief, from so much of the same judgment as awarded Winston Chiu the principal sum of $1,044,974, plus prejudgment interest in the sum of $469,980.63.

Ordered that the judgment is modified, on the law and the

facts, by (1) deleting the provision thereof declaring that Winston Chiu owns a 10% membership interest in 42-52 Northern Blvd., LLC, and substituting therefor a provision declaring that Winston Chiu owns a 25% membership interest in 42-52 Northern Blvd., LLC, (2) deleting the provision thereof awarding Winston Chiu the principal sum of $1,044,974, and (3) deleting the provision thereof awarding Winston Chiu prejudgment interest in the sum of $469,980.63; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new calculation of the amount to be awarded to Winston Chiu as his interest in the subject limited liability company plus prejudgment interest, and the entry of an appropriate amended judgment thereafter.

Brothers Man Choi Chiu and Winston Chiu commenced separate actions to, inter alia, determine the fair value of Winston Chiu's membership interest in 42-52 Northern Blvd., LLC (hereinafter the LLC), as of the date of his withdrawal (*see* Limited Liability Company Law § 509; Limited Liability Company Law former § 606). After a joint nonjury trial, the Supreme Court issued a decision finding that although Winston Chiu initially had a 25% membership interest in the LLC, subsequent capital contributions by Man Choi Chiu had the effect of reducing Winston Chiu's membership interest to 10% and increasing Man Choi Chiu's membership interest to 90%. Additionally, even though the Supreme Court adopted the net asset value of the LLC of $10,449,739 espoused by Man Choi Chiu's expert, no discount for lack of marketability was applied. Further, the Supreme Court awarded prejudgment interest from the date of Winston Chiu's withdrawal, February 8, 2008, at the statutory rate of 9%. Finally, the Supreme Court dismissed Winston Chiu's breach of fiduciary duty claims.

Since this case was tried by the court without a jury, the authority of this Court to review findings of fact is as broad as that of the trial court, and includes the power to render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Pernell v 287 Albany Ave., LLC*, 95 AD3d 1094 [2012]; *Kun v Fulop*, 71 AD3d 832, 833 [2010]; *O'Brien v Dalessandro*, 43 AD3d 1123 [2007]).

Here, the Supreme Court properly determined that the LLC's records, which included the LLC's tax returns for the years

1999 and 2000, established that Winston Chiu's initial membership interest was 25% (see *Reichman v Reichman*, 88 AD3d 680, 682 [2011]; *Man Choi Chiu v Chiu*, 38 AD3d 619, 621 [2007]; *Matter of Capizola v Vantage Intl.*, 2 AD3d 843, 844 [2003]). Although Man Choi Chiu contends that the LLC's records were incorrect, he cannot subsequently take a position contrary to that taken in the income tax returns which he admitted that he signed (see *Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422 [2009]; *Livathinos v Vaughan*, 121 AD3d 485 [2014]; *Winship v Winship*, 115 AD3d 1328 [2014]; *Czernicki v Lawniczak*, 74 AD3d 1121, 1125 [2010]; *Peterson v Neville*, 58 AD3d 489 [2009]). However, the Supreme Court incorrectly determined that the subsequent contributions by Man Choi Chiu should be treated as capital contributions, and not as loans, as the record was bereft of any evidence of an agreement between the members to such treatment (see *Mizrahi v Cohen*, 104 AD3d 917, 920 [2013]; *Matter of KSI Rockville v Eichengrun*, 305 AD2d 681 [2003]; Bruce A. Rich, Practice Commentaries, McKinney's Cons Laws of NY, Book 32A, Limited Liability Company Law, 2014 Pocket Part at 72). Accordingly, on the date of his withdrawal, Winston Chiu's membership interest remained at 25%.

The Supreme Court should have adopted the net asset value of $10,427,000, espoused by Winston Chiu's expert, as Winston Chiu's expert's treatment of Man Choi Chiu's contributions was more accurate than that of Man Choi Chiu's expert. The Supreme Court providently exercised its discretion in awarding prejudgment interest from the date of Winston Chiu's withdrawal, February 9, 2008, at the statutory rate of 9% (see CPLR 5001 [a]; *Matter of Murphy v United States Dredging Corp.*, 74 AD3d 815, 820 [2010]; *Matter of Superior Vending, LLC [Tal—Plotkin]*, 71 AD3d 1153, 1154 [2010]; *Matter of Blake v Blake Agency*, 107 AD2d 139, 149 [1985]).

The parties' remaining contentions are without merit. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur. **[Prior Case History: 2013 NY Slip Op 30033(U).]**