■ MICHAEL ZWARYCZ, Respondent, v MARNIA CONSTRUCTION, INC., et al., Appellants. [15 NYS3d 86]—

In an action for a judgment declaring that the plaintiff is the owner of 50% of the shares of Marnia Construction, Inc., and Stemar Construction, Inc., the defendants appeal from a judgment of the Supreme Court, Westchester County (DiBella, J.), dated August 25, 2014, which, after a nonjury trial, is in favor of the plaintiff and against them declaring that the plaintiff is the owner of 50% of the shares of Marnia Construction, Inc., and Stemar Construction, Inc.

Ordered that the judgment is affirmed, with costs.

Stemar Construction, Inc. (hereinafter Stemar), was incorporated in 1966, and Marnia Construction, Inc. (hereinafter Marnia), was incorporated in 1969, each for the purpose of constructing and operating apartment buildings. No stock certificates were issued for either corporation. It is undisputed that William Sullivan was a 50% owner of the shares of each corporation (*see Zwarycz v Marnia Constr., Inc.*, 102 AD3d 774, 774 [2013]). William Sullivan died in 1973, and the defendants Kerry Sullivan and William Sullivan, Jr., inherited his interests in the corporations.

The plaintiff commenced this action for a judgment declaring that he is the owner of the other 50% of the shares of each corporation. The matter proceeded to a nonjury trial, at which the defendants disputed the plaintiff's ownership claim, and maintained that the estate of William Sullivan's sister, Helen Sullivan, was the owner of the disputed shares. The trial court found in favor of the plaintiff, and issued a judgment declaring that he was the owner of 50% of the shares of Stemar and Marnia.

First, contrary to the defendants' contention, CPLR 4519, the so-called Dead Man's Statute, did not preclude the plaintiff's testimony concerning his transactions or communications with William Sullivan, as that testimony was offered against the interests of the estate of Helen Sullivan, and not "against the executor, administrator or survivor" of William Sullivan (CPLR 4519; *see Matter of Zalk*, 10 NY3d 669 [2008]; *Matter of Travers v Brown*, 72 AD3d 979 [2010]; *Brezinski v Brezinski*, 84 AD2d

464, 468 [1982]). Moreover, CPLR 4519 did not preclude the plaintiff's testimony concerning certain transactions or communications he had with Helen Sullivan, as the defendants opened the door to that testimony (*see Matter of Smith*, 171 AD2d 666 [1991]; *Matter of Radus*, 140 AD2d 348 [1988]; *see generally Matter of Wood*, 52 NY2d 139, 145 [1981]).

The defendants further contend that the plaintiff failed to prove his 50% ownership interest in Stemar and Marnia by a preponderance of the evidence. "In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (*Neiss v Fried*, 127 AD3d 1044, 1046 [2015] [internal quotation marks and citation omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Gomez v Eleni, LLC*, 122 AD3d 797, 798 [2014]; *Kun v Fulop*, 71 AD3d 832, 833 [2010]). Where the court's findings of fact "rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (*Neiss v Fried*, 127 AD3d 1044, 1046 [2015] [internal quotation marks and citation omitted]; *see Gomez v Eleni, LLC*, 122 AD3d at 798; *Kun v Fulop*, 71 AD3d at 833).

The mere fact that a corporation did not issue any stock certificates does not preclude a finding that a particular individual has the rights of a shareholder (*see Kun v Fulop*, 71 AD3d at 833; *French v French*, 288 AD2d 256, 256 [2001]; *Blank v Blank*, 256 AD2d 688 [1998]). In the absence of any stock certificate, a court must examine other available evidence to determine the validity of a putative shareholder's claim (*see Kun v Fulop*, 71 AD3d at 833; *Hunt v Hunt*, 222 AD2d 759, 760 [1995]).

Here, credible testimony and other evidence regarding the plaintiff's contributions to, and involvement with, Stemar and Marnia, prior to William Sullivan's death, supported his claim that he was the owner of 50% of the shares of each corporation. Accordingly, the Supreme Court properly declared that the plaintiff was the owner of 50% of the shares of Stemar and Marnia.

The defendants' remaining contention is without merit. Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.