■ Joshua Fox et al., Respondents, v Steven Krausman et al., Appellants. [775 NYS2d 584]—

In an action pursuant to RPAPL article 15, inter alia, to compel the determination of claims to a parcel of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated February 4, 2003, as granted the plaintiffs' motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiffs are the lawful owners of the subject real property, after the determination of the plaintiffs' second cause of action to recover damages pursuant to RPAPL 861, which was referred by the Supreme Court, Nassau County, to the Calendar Control Part for determination.

The plaintiffs and defendants are the owners of certain

parcels of land which partially abut each other. At some point in late 1997 or early 1998, the defendants removed bushes and railroad ties and installed a fence where the parcels abut. In doing so, the defendants allegedly annexed a portion of the plaintiffs' property, which the defendants claimed they own. The plaintiffs commenced this action seeking, inter alia, to compel the determination of the respective claims to the disputed property. The Supreme Court granted the plaintiffs' motion for summary judgment. We affirm.

The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law by showing that the disputed strip of land is part of their property (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In opposition, the defendants failed to raise a triable issue of fact as to the ownership of the land (*see Zuckerman v City of New York, supra*).

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiffs are the lawful owners of the subject property, after the determination of the plaintiffs' second cause of action to recover damages pursuant to RPAPL 861, which was referred by the Supreme Court, Nassau County, to the Calendar Control Part for determination (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Smith, J.P., Krausman, Crane and Mastro, JJ., concur.