■ PEARL SECURITIES LLC, Appellant, v KNIGHT EQUITY MARKETS, L.P., Respondent. [827 NYS2d 8]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 16, 2005, which granted defendant's motion to dismiss, unanimously reversed, on the law, with costs, the motion to dismiss denied and the complaint reinstated.

In this declaratory judgment action, plaintiff Pearl Securities LLC alleges that in some 45 transactions in November and December 2004 it purchased millions of shares of stock in 10 publicly traded corporations through its broker, nonparty vFinance Investments, Inc.; that because each transaction settled on a "cash" or "same-day" basis on the day each was agreed to, it was the record owner of all the shares on the day each transaction occurred; that $5.8 million in dividends or distributions were issued in connection with certain of the shares it purchased and that it was the record owner of the shares on or before the applicable record date for such dividends and distributions; and that it thus was entitled under the rules of the National Association of Securities Dealers to receive the $5.8 million in dividends and distributions. Further, Pearl alleges that weeks after the transactions were completed it learned that defendant Knight Equity Markets, L.P., was the ultimate seller in each of the transactions; that "Knight has asserted its rights to those dividends and has brought a formal claim against vFinance concerning them"; and that "[a]s a result, funds in Pearl's trading accounts representing a portion of those dividends have been frozen, and Pearl has been prevented from using them as it is entitled to do." On the strength of these allegations, Pearl alleges as well its legal conclusion that "a genuine, actual, and justiciable controversy exists between Pearl and Knight as to whether Pearl or Knight is entitled to the dividends at issue." Accordingly, Pearl "seeks a declaration of its ownership of the dividends and its entitlement to the full use and enjoyment of the proceeds of the dividends."

Contrary to Supreme Court's ruling, Pearl's allegations that it and Knight each were asserting entitlement to the same dividends presented a justiciable controversy (*see Fox v Krausman*, 7 AD3d 486 [2004] [declaratory judgment action to resolve competing claims to real property]; *DiCanio v Incorporated Vil. of Nissequogue*, 189 AD2d 223, 227 [1993] ["the instant declaratory judgment action constitutes a justiciable controversy because it presents a real, definite, substantial, and sufficiently

mature dispute over title to real property between parties with an existing jural relationship"]; *Kyle v Kyle*, 111 AD2d 537, 538 [1985], *lv denied* 66 NY2d 604 [1985] [upholding appropriateness of declaratory judgment in action to determine stock ownership]). In noting that the "issue is not the ownership of some stock, or of real property," Supreme Court appears to have concluded that the specific type of property in dispute was relevant to the question of whether a justiciable controversy was presented. As Pearl correctly argues, however, it is of no moment that the parties assert conflicting claims to dividends, an incident of stock ownership, rather than to shares of stock, other personal property or real property.

Supreme Court also wrote that Pearl's dispute was "over the freezing of [its] accounts [at vFinance], and its right to access those accounts and the monies in them. This is a dispute with the party who froze them." The fallacy in this reasoning is that it does not follow that Pearl has no justiciable controversy with Knight merely because it also has such a dispute with vFinance (*cf. Oliner v Canadian Pac. Ry. Co.*, 34 AD2d 310 [1970], *affd* 27 NY2d 988 [1970]).

Nor was Supreme Court correct in stating that the complaint "fails to contain any allegations that Knight froze those accounts or that it had anything to do with freezing them." In the first place, Pearl does allege that Knight played a role in the decision of vFinance to freeze Pearl's accounts at vFinance. In paragraphs 3 and 29 of the complaint, Pearl alleges that Knight's claims of entitlement to the dividends resulted in the freezing of the accounts. The absence of specificity on how Knight's claims caused the accounts to be frozen is of no moment (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see also Gerdes v Reynolds*, 281 NY 180, 184 [1939]). In any event, Pearl's complaint would present a justiciable controversy even if it had not alleged that its accounts were frozen as a result of Knight's claims to the dividends. After all, apart from the support it affords to Pearl's contention that Knight is asserting its entitlement to the dividends, the allegation simply tends to establish that Pearl sustained immediate injury on account of the conflicting claims of the parties to the dividends.

Finally, the existence of the arbitration proceeding commenced by Knight against vFinance is irrelevant. As Pearl correctly observes, whether or not Knight succeeds in obtaining relief against vFinance has no bearing on whether, as between Pearl and Knight, Pearl is the proper owner of the dividends. Accordingly, the declaration Pearl seeks would not be a hortatory one, dependent on the outcome of the arbitration for any

possible utility; nor is the injury that Pearl seeks to avoid similarly contingent. The allegations of the complaint, moreover, are not negated by assertedly inconsistent positions taken by Pearl in connection with the arbitration. Precisely how the sales of the underlying shares of stock occurred does not bear on the crucial issue of whether Pearl and Knight are asserting entitlement to the same dividends. Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.